MYER S. ISAACS, as Assignee, etc., of MORRIS ROSENDORFF and
Another, Respondent, v. SOLOMON COHEN and Another, Appel-
lants, Impleaded with Others.

*"Single costs only," under section 1426 of the Code of Civil Procedure — action for
injuries from the trespass of a sheriff — security — division of an action under
section 1424 of the Code — when the defendants therein cannot be segregated.*

The term "single costs only" as used in section 1426 of the Code of Civil Pro-
cedure, does not mean only one bill of costs, but means single costs as distin-
guished from double costs allowed by section 3258 of the Code.

In an action brought to recover for injuries suffered by reason of the seizure by
the sheriff of certain property alleged to belong to the plaintiff, the fact that
the sheriff justifies the alleged trespass, on the ground that it was set in motion
by several independent parties, does not render the plaintiff, when compelled to
proceed against these indemnitors whom the sheriff has caused to be substituted
in his place and stead, liable as to each of them for separate bills of costs, and
compelled to give separate undertakings or one undertaking large enough to
cover the costs of each by way of indemnity.

In an action brought to recover for injury suffered by reason of the seizure by the
sheriff of certain property alleged to belong to the plaintiff, if the defendant,
the sheriff, moves to substitute all his indemnitors as defendants in the action
in his place, the court is authorized under section 1424 of the Code of Civil
Procedure to divide the action and to limit each action to the part of the prop-
erty for which each class of indemnitors is responsible. If this is not requested
or done, and the substitution made is general under sections 1421 and 1422 of
the Code, and the whole body of indemnitors are treated as responsible for the
entire trespass complained of in the original action against the sheriff, they,
having chosen to assume that attitude, cannot thereafter be segregated.

APPEAL by the defendants, Solomon Cohen and another, from an
order of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New York on
the 9th day of January, 1895, denying the defendants' motion to
increase the amount of the undertaking given as security for costs
by the plaintiff.

*A. H. Parkhurst*, for the appellants.

*Julius J. Frank*, for the respondent.

O'BRIEN, J.:

This action was commenced against the sheriff to recover $25,000
for the alleged wrongful taking and seizure of personal property

levied upon under executions issued to him on judgments in four different actions against plaintiff's assignors. A motion was made by the sheriff to substitute all the indemnitors in the various actions as defendants in this action in his place, and an order was entered granting such motion. The plaintiff had been required to file security running to all the defendants for $250; and upon the claim that this was insufficient, the present motion was made to have the amount increased. The motion for such increase presented the question whether separate defendants are entitled in an action of this kind to separate undertakings to secure costs which they expect to have awarded to themselves separately and independently of each other, or to have security in such an amount as will cover separate bills of costs to each defendant, in case they succeed in the action.

We might rest our decision upon the opinion of the judge below were it not that he seems inadvertently to have fallen into an error in construing section 1426 of the Code of Civil Procedure. Among other things, that section provides: "But if the substituted or remaining defendants recover judgment, they are entitled to single costs only." The judge held that this meant a single bill of costs. Whether the language quoted from the section means single, as distinguished from double costs, or, as held by the judge below, a single bill of costs, we think is to be determined by reference to other provisions of the Code. By section 3258 it is provided that where the defendant is a public officer he is entitled to recover what is called double costs; and the sheriff, who was the original defendant herein, had he successfully defended the case, would have been entitled to the benefits of this section. The indemnitors, who are the substituted defendants, standing as they do in the shoes of the sheriff, would seemingly be subrogated to his rights, and the question might arise as to whether, like the sheriff, if successful, they were not entitled to double costs, except for the limitation which the language quoted places upon such right, and which provides that they are entitled to but single costs. We think, therefore, that if the Legislature had meant but one bill of costs it would have said so, and not have used the term "single costs," which is only clear when we recall that there are other provisions under which the parties who stood in the shoes of a public officer might be entitled like him to double costs.

Apart, however, from this, we think the order was right. The trespass as against the plaintiff was originally committed by the sheriff, and so far as the plaintiff is concerned, it was entirely immaterial whether it was the result of a single judgment or of four, the fact being that it was made by the sheriff upon plaintiff's property, and to recover for the injury suffered by such seizure he brought his action. The sheriff, had he remained a party, could not have claimed more than one bill of double costs; and it would be a seeming hardship to hold that, because he justifies an alleged trespass upon the ground that he was set in motion by several independent parties, the plaintiff in seeking his redress, which he had a right to do, against the sheriff, and when compelled to proceed subsequently, not against the sheriff, but those whom the latter has substituted in his place and stead, should be liable as against each of these several parties for separate bills of costs, and compelled to give separate undertakings, or one large enough to cover the costs of each indemnitor. These defendants have now been substituted in the place of the sheriff, as against whom, as already said, the plaintiff would be liable for but one bill of double costs. If they had desired separately to justify and litigate and obtain the right to a separate bill of costs, they should have presented this question, as correctly held by the court below, when the application to substitute was made. "For," as was said, "the court, under section 1424, was then authorized to divide the action, and to limit each action to the part of the property for which each class of indemnitors was responsible. As this was not requested or done, the substitution was general under sections 1421 and 1422, and the whole body of indemnitors were treated as responsible for the entire trespass complained of in the original action against the sheriff. Having chosen to assume that attitude, they cannot now be segregated." And as they stand in no other or different position than the sheriff would have stood in had he still remained a defendant in the action, there is no reason why the plaintiff, who is seeking to recover damages for the trespass upon his property, should be compelled to assume responsibility for separate bills of costs in favor of such of the parties as might establish their freedom from liability, after having chosen a position in which they all stand of justifying the trespass.

We think the order was right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., and PARKER, J., concurred in result.

Order affirmed, with ten dollars costs and disbursements.